## Bogutz, Appellant, v. Margolin.

152

Argued January 15, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Ronald N. Rutenberg,* with him *Harry A. Rutenberg* and *Jules Pearlstine,* for appellants.

*William B. Koch,* with him *Duffy, McTighe & Mc-Elhone,* for appellees.

Opinion by Mr. Justice Benjamin R. Jones, March 24, 1958:

Mr. and Mrs. Bogutz (the appellants) on August 16, 1954, and for approximately five years prior thereto, were tenants under a written lease of apartment No. 612 located in an apartment house in Merion, Pa., owned, operated and maintained by the appellees.

On that day the wife-appellant, while passing through the basement of the apartment house en route to the garage—a usual and customary passageway for the tenants—slipped and fell, allegedly, by reason of an accumulation of oil and grease on the floor, sustaining severe personal injuries.

A suit to recover damages arising from the injuries suffered by the wife-appellant was instituted by the appellants by filing a complaint. The appellees, by preliminary objections, raised the defense that under a provision of the written lease appellants had waived any right to recover damages arising from any negligent conduct on the part of the appellees in connection with maintenance of the apartment house. A motion for judgment on the pleadings having been filed, the court below entered a judgment for appellees and against appellants. From the entry of that judgment this appeal was taken.

The sole question is whether under the terms of the written lease the appellants had waived their right to a recovery of damages.

Paragraph 5 of the lease provides: "Lessor shall not be responsible for any injury or damage that may happen to the person or goods of Lessee or anyone claiming under Lessee, or his servants or employees, either on the elevators, corridors, stairways, walks or drive-

ways, or *in or about the premises*, from any cause whatsoever, and Lessee hereby agrees to indemnify and save harmless the Lessor from any action for damages brought by any invitee, servant or employee of Lessee therefor." (Emphasis supplied).

Appellants contend that this provision of the lease does not preclude a recovery by them because the place of accident—the basement—was not included within the phrase "in or about the premises" which the parties intended to refer only to the apartment leased by appellants.

In interpreting this clause of the lease certain principles of law must be kept in mind: (1) the waiver by a tenant of his landlord's responsibility for losses resulting from negligence must be plainly expressed (*Tidewater Field Warehouses, Inc. v. Whitaker Co., Inc.*, 370 Pa. 538, 88 A. 2d 796; *Siegel Company v. Philadelphia Record Company*, 348 Pa. 245, 35 A. 2d 408; *Wright v. Sterling Land Company Inc.*, 157 Pa. Superior Ct. 625, 43 A. 2d 614); (2) to ascertain what the parties intended in a written agreement recourse must be had to the terms of the writing itself and such terms, in the absence of any ambiguity, furnish the true guide to the parties' intent (*Atherton v. Clearview Coal Co.*, 267 Pa. 425, 110 A. 298); (3) any doubt which arises as to the meaning of the clause must be resolved in favor of the lessees and against the lessors (*Darrow et al. v. Keystone 5, 10, 25, $1.00 Stores, Inc.*, 365 Pa. 123, 74 A. 2d 176; *Lyons v. Cantor et al.*, 363 Pa. 413, 70 A. 2d 285; *Larsh et al., Trustees v. Frank & Seder of Pittsburgh, Inc.*, 347 Pa. 387, 32 A. 2d 219; *Baldwin v. McEldowney*, 324 Pa. 399, 188 A. 154).

An examination of the lease in its entirety clearly indicates that the word "premises" was not intended to be restricted to appellants' apartment No. 612. When the lease refers to that apartment it consistently de-

scribes it as the "demised premises", the "leased premises", the "premises hereby demised", or the "premises demised" and, conversely, the word "premises" is used to refer to the entire building such as in the clause "premises of which the demised premises form part". The language of the lease throughout clearly evidences that when the word "premises" is employed by the parties in reference to the appellants' apartment it is either preceded or followed by a word or words of description or modification such as "demised" and "leased".

Furthermore an examination of Paragraph 5 reveals that it exculpates the lessors from liability in the alternative: *"either* on the elevators, corridors, stairways, walks or driveways, *or* in or about the premises". (Emphasis supplied). The first portion of this clause relieves the lessors from any liability for accidents occurring in the usual and ordinary places of ingress and egress, both outside and inside, to and from the apartment house, while the second portion relieves them from liability for accidents occurring in any other parts of the building, outside or inside.

Any doubt concerning the parties' intention in this respect is resolved by Paragraph 18 of the lease which reads as follows: "Lessor shall not be held responsible for, and is hereby relieved from all liability by reason of, any injury or damage to any person, persons or property in the *demised premises,* whether belonging to Lessee or any other person, caused by any fire or by any wear, breakage, or leakage in any part or portion of the *demised premises,* or in any part or portion of the building of which the *demised premises* are a part whether such wear, breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its agents or any person or persons. Lessee hereby, in consideration of the rent herein specified, accepts and assumes such responsibility and liability,

shall have and is hereby given the right to enter into any part of the building of which the *demised premises* are a part as fully as landlord is entitled to in order to remove, provide against, prevent and discover the cause of any possible injury or damage. (Italics ours)." This paragraph distinctly reveals that when the parties intended to refer to casualities happening in the apartment itself they employed the words "demised premises".

Unfortunately for appellants their right to recovery for the damages arising from the wife-plaintiff's mishap has been waived by them and the court below very properly entered judgment on the pleadings.

Judgment affirmed.

Mr. Justice COHEN dissents.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Mrs. Lillian S. Bogutz was injured in the basement of the apartment house located in Merion, Montgomery County, where she and her husband leased an apartment (No. 612). She and her husband sued the owners of the building charging them with negligence. The defendants filed preliminary objections, averring that they were exempt from liability as the result of the accident because the lease specifically excluded such liability. The lower Court sustained the objections and nonsuited the plaintiffs. This Court has affirmed the nonsuit.

This appeal poses no monumental question in jurisprudence, nor does it search for a star of magnitude in the sky of *stare decisis*. It simply asks that we read a few words in a document and declare what they mean. This seems like a work of supererogation because the words speak for themselves, being in Eng-

lish, unencumbered by fancy legal phraseology and unadorned with Latin phrases within which an occult meaning is ambushed for a specific purpose. The lease says: "Lessor shall not be liable for any damage to any property or person at any time in said premises or building, from water, rain, or snow, which may leak into, issue or flow from any part of said building or from the pipes or the plumbing works of the same, or from any other place or quarter. Lessor shall not be responsible for any injury or damage that may happen to the person or goods of Lessee or anyone claiming under Lessee, or his servants or employees, either on the elevators, corridors, stairways, walks or driveways, or in or about the premises, from any cause whatsoever, and Lessee hereby agrees to indemnify and save harmless the Lessor from any action for damages brought by any invitee, servant or employee of Lessee therefor."

Since the accident did not occur in or about the premises leased by the plaintiffs, but in the basement of the building of the defendant, the plaintiffs contend that they are not precluded from a recovery by the wording of the lease. The defendants take a contrary position, arguing that the word "premises" was not intended to be restricted to the plaintiffs' apartment but that it applied to the entire building. If that be so, why does the lease say that the lessor shall not be liable for any damage "in said premises *or building*"? Why differentiate between premises and building if the word *premises* includes building?

If the defendants' interpretation, supported by this Court, is correct, why does the lease say that the lessor is not responsible for any damage caused "on the elevators, corridors, stairways, walks or driveways, or in or about the premises"? If *premises* includes the whole building, why specifically mention "elevators,

corridors, stairways, etc."? If *premises* includes build-ing, why does the lease add "in or about the premises"?

It is true, as the Majority Opinion says, that in Paragraph 18 of the lease the leased apartment is re-ferred to as the "demised premises," but the apartment is also referred to in other parts of the lease as simply the "premises." Paragraph 3 refers to the apartment as "said premises"; Paragraph 9 enumerates violations which authorize the landlord to recover "possession of the premises".

It is not readily apparent from the record how many stories high the defendants' apartment house rose. The lease shows that the plaintiffs' apartment was located on the sixth floor. Taking language in its usual sense, one would ordinarily not refer to the basement of a six-story building as part of the premises occupied by any of the apartment dwellers. If the building were twenty stories high, it would be absurd to say that the basement of such a structure was part of the premises occupied by a tenant on the twentieth floor.

Robert South said that: "Speech was given to the ordinary sort of men whereby to communicate their mind; but to wise men, whereby to conceal it." It would seem that the lessors here were very wise men and came close to concealing their liability in the ver-biage of the lease which the lessees signed. However, I should think that the lantern of the law which says all doubts which arise as to the meaning of disputed clauses in leases must be resolved in favor of the lessees and against the lessors,* reveals a situation which re-quires the defendants to answer to the plaintiffs' com-plaint, and I would accordingly remove the nonsuit.

---

* *Darrow et al. v. Keystone*, 365 Pa. 123; *Lyons v. Cantor*, 363 Pa. 413; *Larsh v. Frank and Seder*, 347 Pa. 387.