Mildred R. BURNS, Plaintiff,

v.

N. & L. REALTY CORPORATION, a corporation, Defendant,

and

Missouri, Kansas and Texas Railroad, Third Party Defendant.

Civ. A. No. 16164.

United States District Court
W. D. Pennsylvania.

July 21, 1959.

See also, 160 F.Supp. 203.

James P. McArdle, John M. Feeney, Jr., Pittsburgh, Pa., for plaintiff.

---

768

James J. Burns, Jr., Pittsburgh, Pa., for defendant.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for third party defendant.

WALLACE S. GOURLEY, Chief Judge.

Plaintiff, an employee of Missouri, Kansas and Texas Railroad, was injured while in the furtherance of her employment on premises which the Railroad had occupied by virtue of a written lease with the N. & L. Realty Corporation.

For purposes of brevity the following abbreviations will be employed:

N. & L. Realty Corporation—Realty

Missouri, Kansas and Texas Railroad —Railroad

It has been stipulated and agreed by counsel that the Amended Answer which raises the question as to the right of the plaintiff to recover, based on the terms of the lease, is the equivalent of a motion for summary judgment on the part of the defendant. It is further stipulated that for purposes of this argument plaintiff was using due care while walking within the demised premises and was caused to slip on the floor therein by reason of the negligent maintenance of the area by Realty.

Nor is it in dispute that since the lease upon which Realty relies was executed in Pennsylvania, the property is situate in Pennsylvania, and the accident occurred in Pennsylvania, that the law of Pennsylvania must govern the determination of the legal issues. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The question posed is: Where a lessee agrees that lessor will not be held responsible for liability by reason of any injury to any person on the demised premises, can an employee of said lessee injured on the demised premises hold the lessor responsible for its acts of negligence under Pennsylvania law?

The relevant portion of the lease upon which Realty relies in support of its request for summary judgment reads as follows:

"Lessor shall not be held responsible for and is hereby expressly relieved from any and all liability by reason of any injury * * * to any person * * * in or about the demised premises."

Defendant adverts to a number of Pennsylvania authorities in support of its thesis that the instant lease exonerates it from liability, but in each instance the terms and provisions of the leases and the authorities are readily distinguishable from the terms and provisions of the lease involved in the instant proceeding. Manius v. Housing Authority of City of Pittsburgh, 350 Pa. 512, 39 A.2d 614; Bogutz v. Margolin, 392 Pa. 151, 139 A.2d 649. In the Bogutz case the lease upon which the court's decision was predicated made specific provision for waiver of liability on the part of the lessor when injury was caused by or resulted from the negligence of the lessor or its agents or any person or persons.

In the Manius case specific provision was made for release of the lessor from liability for any injury resulting from any case whatsoever excepting only such injury resulting from the willful acts of the lessor or its agents.

██ In view of the well settled state of the law that in cases of doubt or uncertainty as to the meaning of a provision of a lease, it is to be construed most strongly against the lessor and in favor of the lessee, Darrow v. Keystone 5, 10, 25, $1.00 Stores, Inc., 365 Pa. 123, 74 A.2d 176; Bogutz v. Margolin, supra (and cases cited therein) and recognizing that we are confronted here with a question of liability for damages due to the defendant lessor's own negligence, and in no view can the clause be thought sufficiently specific and clear to relieve the defendant lessor of liability for its own negligence, having made no provision for such eventuality, defendant's re-

quest for summary judgment will be refused. Bogutz v. Margolin, supra; Darrow v. Keystone 5, 10, 25, $1.00 Stores, Inc., supra.

An appropriate Order is entered.