## Buckley v. General Oil Burner Co.

*E. Drummond King*, for plaintiffs.

*Scoblionko & Malkames*, for defendant.

HENNINGER, P. J., June 5, 1962.—Plaintiffs contracted with defendant to service their oil burner in their home by a contract reading as follows:

"Service Contract
"Mr. James J. Buckley, Jr.
3350 Highland Street
Allentown, Pennsylvania

*"For the sum of $15.00 The General Oil Burner Company agrees to provide service on your oil burner as described below, at* from January 25, 1960, to January 25, 1961 *and for which service the customer is to make payment with return of original contract.*

"Combination yearly overhauling and conditioning.

"All of the component parts of your oil burner equipment thorouhgly cleaned and checked and, as an added feature of our service, we will *vacuum clean the heater.*

"The General Oil Burner Company reserves the right to reject any contract, if, on inspection, burner is found in such condition that service will be unsatisfactory to both parties.

"The General Oil Burner Company will assume no responsibility for any burner serviced by anyone but this Company. The General Oil Burner Company will declare all guarantees void if the burner is serviced by outside parties.

"General Conditions

"This service contract covers only labor required directly on the oil burner and controls which are a part of the oil burner installation.

"It is understood that service rendered by the General Oil Burner Company shall at all times be prompt and efficient but they shall not be held responsible for any loss or damage caused directly or indirectly by such service, nor shall they be held responsible for delay or inability to perform the service caused by or resulting from strikes, lockouts, fires, accidents, war, riot, lack of material, or any other cause beyond their control.

"The General Oil Burner Company reserves the right to increase the charges provided for hereunder if the cost of performance hereunder shall become greater because of increased cost of labor and material by reason of circumstances beyond the Company's control. All parts, and labor to install parts, are charged extra unless Burner is still within Warranty Period.

"The General Oil Burner Company does not guarantee the availability of any repair or replacement parts.

"Unless either party hereto, shall, at least 30 days prior to the anniversary date hereof, notify the other in writing of its desire to terminate this agreement on such date, this agreement shall continue on for a further period of one year and thereafter from year to year unless terminated as herein provided.

"No night Service from April 15th to October 1st. Emergency Night Service Only.

"Your signature to the Original Contract and return to the General Oil Burner Company will constitute a contract between us."

They complain that on April 2, 1960, while they were temporarily absent from their home, a malfunction in

the oil burner caused damage to their furniture, bedding, drapery and clothes, costing them $2503.13 to clean and repair and that this was caused by the negligence of defendant in failing to properly inspect for defects, to remedy defects, to notify plaintiffs of defects or to protect plaintiffs from the result of such defects.

Defendant has filed preliminary objections by way of demurrer, calling attention to the exculpatory clause in the above-recited contract and in our opinion plaintiffs are clearly debarred from recovery by reason of this clause in the service agreement.

The rule in Pennsylvania is well expressed in Restatement, Contracts, §574:

"A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal except in the cases stated in §575."

Section 575 removes from the operation of section 574 (a) any wilful breach of duty, (b) negligence if by a public servant, (c) between employer and employe and (d) by a common carrier if limitation of liability is unreasonable. No part of section 575 applies to our situation.

That this is the law of Pennsylvania is clear from cases like Cannon v. Bresch, 307 Pa. 31, 35; Manius v. Housing Authority of the City of Pittsburgh, 350 Pa. 512, 515; Bryans v. Gallagher, 407 Pa. 142, 146; Lerner v. Heicklen, 89 Pa. Superior Ct. 234, 236; Wright v. Sterling Land Company, Inc., 157 Pa. Superior Ct. 625, 628.

As plaintiffs' counsel points out, these cases all involve landlord and tenant, but there is no reason why the principle of Restatement, Contracts, §574, should not apply to others relations as well. That it does so apply is apparent not only from the broad language of

section 574 but also from the exceptions in section 575 which have no relation to landlord and tenant cases.

It is true, as plaintiffs contend, that the contract, having been prepared by defendant, must be construed most strongly against him: Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 60, and cases therein cited. In our case, however, the contract clearly relieves defendant from responsibility "for any loss or damage caused directly or indirectly by such service."

Plaintiffs point to another clause in the contract in which defendant refuses to be responsible for service by any other outfit or to fulfill any guarantees if the burner is serviced by outside parties. These clauses fortify and are not inconsistent with its own disclaimer of responsibility.

We come to our conclusion the more readily (1) because of the vagueness of plaintiffs' charges against defendant, (2) because plaintiffs fail to state what caused the burner to function as it did, (3) because the contract does not call for periodic inspection, excepting at the beginning or ending of the season or on call, (4) because the low charge made would not indicate that frequent or precautionary inspections were contemplated and (5) because the date of the malfunction, the month of April, would appear to be long after the annual checkup, permitting many intermediate causes of malfunction to intervene.

We cannot picture a situation in which plaintiffs can avoid the effect of the exculpatory clause, but we shall give them the opportunity to express one, if it exists.

Now, June 5, 1962, defendant's preliminary objection by way of a demurrer is sustained and, unless plaintiffs file an amended complaint within 20 days after service of this order upon their counsel, judgment shall be entered in favor of defendant and against plaintiffs at plaintiffs' costs.