## Cabrera v. Simon Coppersmith, Inc.

*Samuel Gorson,* for plaintiffs.

*Thomas O. Malcolm,* for defendants.

McDEVITT, P. J., May 2, 1966.—Plaintiffs, husband and wife, bring this action in trespass alleging personal injuries to the wife plaintiff resulting from defendants' negligence. Defendants deny the factual allegations in the complaint and also plead by way of new matter certain exculpatory clauses in the lease between defendants as lessors and plaintiffs as lessees.

This matter comes before the court on plaintiffs' preliminary objections to defendant's, Simon Coppersmith, Inc.'s, new matter. Essentially, the issue raised is one of construction of the exculpatory clauses in the lease. Plaintiffs assert that the defense raised by way of new matter is legally insufficient and, therefore, ought to be stricken. This position is well taken.

Paragraphs 13 and 14 [1] of the lease provide essen-

---

[1] "13. Responsibility of Lessee

"Lessee agrees to be responsible for and to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, whether belonging to the Lessee or any other person caused by any fire, breakage or leakage in any part or portion of the demised premises, or any part or portion of the building of which the demised premises is a part or from water, rain or snow that may leak into, issue or flow from any part of the said premises or of any building of which the demised premises is a part, from the drains, pipes, or plumbing work of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or agents or any person or persons whatsoever.

"14. Responsibility of Lessor

"Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any property or to Lessee or Lessee's guests, servants or employees which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, sidewalks, hallways of any kind whatsoever which may exist or hereafter be erected or constructed on said premises or the side-

tially that the lessee will be "responsible for and to relieve and hereby relieves the lessor from all liability by reason of any injury . . . to any person . . . in the demised premises. . . ." Both clauses specifically purport to relieve defendant lessor from responsibility for its negligence. However, as respects paragraph 13, the exculpatory clause extends to injuries to any person "in the demised premises". In paragraph 14, the exculpatory provisions relate to any "misuse or abuse of all or any of the elevators, hatches, openings, stairways, sidewalks, hallways of any kind whatsover which may exist . . . on the said premises . . . or any cause whatsoever on the said premises or the building of which the demised premises is a part . . ." A careful reading of these two paragraphs in their entirety clearly indicates that the exculpatory provisions do not extend to an injury occurring in the adjacent parking lot. Even if it might be said that these two provisions were ambiguous, such ambiguity must be construed most strongly against lessor and in favor of lessee: Dilks v. Flohr Chevrolet, 411 Pa. 425 (1963). Furthermore, as with all contracts or other writings, the provisions thereof are construed against the person who prepares or chooses to use the particular form of written instrument.

Defendant relies upon Bogutz v. Margolin, 392 Pa. 151 (1958), and Bryans v. Gallagher, 407 Pa. 142 (1962); however, neither of these cases is in point.

---

walks surrounding the buildings of which the demised premises is a part, or from kind of damage or injury which may arise from defective construction, failure to supply water, light, power, electric wiring, plumbing or machinery, wind, lightning, storm or any other cause whatsoever on the said premises or the building of which the demised premises is a part, whether such damage, injury, use, misuse or abuse may be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever".

The exculpatory clauses involved in the two cases cited and relied upon bear similarity to the one presently being considered; however, the differences in language employed dictated a different result. In Bryans, plaintiff slipped and fell on the sidewalk adjacent to the premises, and the lease excluded liability "on account of any physical condition whatsoever that may at any time exist upon the premises or the sidewalk adjacent thereto, . . ." In Bogutz, the lease excluded liability from any cause whatsoever occurring "in or about the premises". The injury was alleged to have occurred in the basement, and the court held that, inasmuch as the exculpatory clause referred to "demised premises" when it meant within the apartment leased, the use of the term "in or about the premises" included the entire building, including the basement. Defendant argues that same construction is applicable to the case at bar, and contends that the reference in paragraph 14 of the lease to premises must, therefore, include the parking lot. This reasoning overlooks the very language of paragraph 14. It is true that demised premises refers obviously to the space actually leased by plaintiffs; however, paragraph 14, which is entitled "Responsibility of Lessor", contains a specific listing. It states: "Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to . . . Lessee . . . which may arise from or be due to the use . . . of all or any of the elevators, hatches, openings, stairways, sidewalks, hallways of any kind whatsoever which may exist . . . on said premises or the sidewalks surrounding the buildings of which the demised premises is a part. . . ." As already stated, there is nothing in this provision which would extend the exculpatory provisions to include the parking lot. The most that can be said is that it extends to the sidewalks surrounding and adjacent to the building. By no stretch of the imagination can

a parking lot be considered as a sidewalk. This is particularly true in the face of the principle that ". . . any doubt which arises as to the meaning of the clause be resolved in favor of the lessees and against the lessors (citations omitted)": Bogutz v. Margolin, 392 Pa. 151, 154 (1958).

Where a party seeks to exculpate himself from liability for injuries resulting from his negligence, the provisions upon which he relies must be clear and explicit. Under the circumstances, and considering the issues before the court, the defense raised is without merit. The clauses appear clear and unambiguous and do not encompass the area in which the alleged accident occurred.

### ORDER

And now, May 2, 1966, it is ordered that defendant's, Simon Coppersmith, Inc.'s, new matter be and is hereby dismissed.