In re BRENDERN ENTERPRISES, INC., Debtor.

BRENDERN ENTERPRISES, INC., Plaintiff,

v.

MICRO–ACOUSTICS CORPORATION, Defendant.

Bankruptcy No. 79–01973K.

Adv. No. 81–0061N(K).

United States Bankruptcy Court, E. D. Pennsylvania.

July 8, 1981.

Gary M. Schildhorn, Philadelphia, Pa., for debtors/plaintiffs.

Charles M. Rand, Haddonfield, N. J., for defendant/Micro-Acoustics Corp.

## MEMORANDUM AND ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

The facts of the instant case are as follows.[1] The debtor, Brendern Enterprises, Inc., is a corporation engaged in the business of selling audio equipment through various retail stores. Defendant, Micro-Acoustics Corporation ("Micro"), manufactures audio equipment to be sold to consumers through numerous retail outlets, including those operated by the debtor.

---

1. This Memorandum constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

The parties entered into an agreement whereby Micro sold audio equipment to the debtor. Pursuant to this agreement, debtor would accept the return by the consumers of any defective equipment manufactured by Micro. In addition, debtor would provide the consumer with replacement equipment from debtor's stock, thereby satisfying Micro's liability for warranties issued by Micro to the ultimate consumers.

According to the aforesaid agreement, when a significant number of Micro's defective equipment were accumulated by the debtor and shipped by the debtor to Micro, allowance would be made for replacement in kind, for credit towards new purchases, or for a cash refund. The parties stipulated that the procedure set forth above is a trade custom within the audio industry.

Prior to the filing of the bankruptcy petition, debtor shipped equipment to Micro for warranty repairs. Micro admits that certain audio equipment was in fact received for the performance of warranty work, but was neither repaired, replaced, nor returned to the debtor.

Micro argues that it is entitled to retain the audio equipment as a set-off against the debt owed by the debtor.[2] Micro's right to a set-off is governed by section 553(a) of the Bankruptcy Code ("the Code")[3]. Alternatively, debtor initiated this proceeding contending that it is entitled to a turnover under section 542(a) of the Code.[4] The only issue in dispute, and to which this Court now considers, is whether the set-off provisions contained in the Code are applicable in this instance.

Section 553 of the Code preserves, although with some minor changes, the right of set-off previously found in section 68(a) of the Bankruptcy Act.[5] The purpose of the set-off provision in both the Code and the Bankruptcy Act is to avoid the potential injustice in requiring a creditor "to prove his claim in full and accept possible dividends thereon and at the same time pay in full his indebtedness to the estate." 4 *Collier on Bankruptcy* § 68.02 at 853 (14th ed. 1978).

One of the requirements which is generally held to be a prerequisite to set-off under non-bankruptcy law and which is expressed in the language of former 11 U.S.C. § 108 and section 553 of the Code is the requirement that the debts in question must be mutual between the bankrupt and the creditor claiming the set-off. *In re Vehm Eng'r Corp.*, 521 F.2d 186, 190 (9th Cir. 1975); *In re Plywood Company of Pennsylvania*, 425 F.2d 151, 154 (3rd Cir. 1970); *In re Potts*, 142 F.2d 883, 887 (6th Cir. 1944); 4 *Collier on Bankruptcy*, § 68.04(2) at 862–65 (14th ed. 1978). Mutuality requires that "the debts and credits must be in the same right, and between the same parties, standing in the same capacity." 4 *Collier on Bankruptcy* § 68.04(2.1) at 867 (14th ed.

2. The parties have stipulated that, under a book account, the debtor, Brendern Enterprises, Inc., owes to creditor, Micro, the sum of $14,856.2. In turn, the value of debtor's property in the possession of Micro is $2,848.35.

3. Section 553(a) provides:
(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . .
11 U.S.C. § 553(a) (1979).

4. Section 542(a) provides:
(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
11 U.S.C. § 542(a) (1979).

5. Section 68(a) of the Bankruptcy Act provides as follows:
(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.
11 U.S.C. § 108 (1898).

1978). *See also, In re Fernandes Super Markets, Inc.*, 1 B.R. 299 (Bkrtcy., D.Mass. 1979); *In re Potts*, 142 F.2d at 888.

In the present case, debtor argues that the application of a set-off, pursuant to section 553(a), would be inappropriate because no mutuality of debt exists. We agree.

 A set-off is only applicable to cases where the debtor and the creditor 'owe' one another. *Ivanhoe Building & Loan Ass'n v. Orr*, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419 (1935). It is inapplicable to a situation where the debtor's property is in possession of a creditor as bailee or trustee without color of lien. The title of property in such case will be in the bankrupt estate and cannot form a basis for the debt which the creditor can use as a set-off on his claims against the debtor. *In re Fernandes Super Markets, Inc.*, 1 B.R. at 299; *In re Bob Richards Chrysler-Plymouth Corp.*, 473 F.2d 262, 265 (9th Cir. 1973); *In re Lykens Hosiery Mills, Inc.*, 141 F.Supp. 891, 893 (S.D. N.Y.1956); *Brust v. Sturr*, 128 F.Supp. 188 (S.D.N.Y.1938); *Western Tie & Timber Co. v. Brown*, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571 (1905); *Libby v. Hopkins*, 104 U.S. 303, 26 L.Ed. 769 (1881); 4 *Collier on Bankruptcy*, § 68.04[2.1] at 872 (14th ed. 1978).

Whenever the debtor accumulated a significant amount of defective audio equipment manufactured by Micro, pursuant to the parties' agreement and in accordance with the trade custom within the industry, debtor would return the defective merchandise to Micro for repairs, replacement, or a credit on future purchases. This property was held by Micro in the capacity of a bailee.[6] We are convinced that at no time were the goods returned by the debtor treated by Micro as its own. In fact, the property in question is not owing to the estate of the debtor, but rather, is owned by it. Thus, no mutuality of debt exists between the parties.

Pursuant to the above findings of fact and rulings of law, Micro will be denied a set-off in the amount of debtor's property currently in its possession. Accordingly, debtor is entitled to recover from Micro the entire amount of its claim, undiminished by any set-off.

---

6. In *Smalich v. Westfall*, 440 Pa. 409, 410, 269 A.2d 476 (1970), the court discussed the general nature of a bailment under Pennsylvania law. A bailment is a delivery of personality for the accomplishment of some special object or purpose upon a contract, either *express* or *implied*, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it. *Smith v. Westfall*, 269 A.2d at 476. *See also, Wright v. Sterling Land Co.*, 157 Pa.Super. 625, 43 A.2d 614 (1945). We are convinced that the natural and just interpretation of the acts of the parties warrant the conclusion that an implied contract of bailment exists. *See Sparrow v. Airport Parking Company of America*, 221 Pa.Super. 32, 33, 289 A.2d 87 (1972); *Lion Yard Co. v. Flock*, 154 Pa.Super. 528, 530, 36 A.2d 246 (1944); where Pennsylvania courts discuss bailment by implied contract.