**In the Matter of BY THE SEA FOODS, INC., Debtor.**

**Bankruptcy No. 82–676.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 17, 1983.

Shirley C. Arcuri, Tampa, Fla., for debtor.

Jary C. Nixon, Tampa, Fla., for trustee.

William Zewadski, Tampa, Fla., for Island Bank.

Curtis Troxell, Bradenton, Fla., claimant.

ORDER ON TRUSTEE'S OBJECTION TO CLAIM and APPLICATION FOR ADMINISTRATIVE SURCHARGE AGAINST MALONE AND HYDE, INC. FOR ADMINISTRATIVE RENT CLAIM

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing upon an Application for Administrative Sur-

charge against Malone and Hyde, Inc. for Administrative Rent filed by George T. Hadley, the Trustee in the above-styled Chapter 7 case. The Court heard argument of counsel, considered the record in its entirety and finds the following facts which are undisputed:

On April 7, 1982, Malone and Hyde, Inc., Pet Dairy Group and Borden, Inc. filed an Involuntary Petition against By The Sea Foods, Inc., the Debtor involved in the above-styled Chapter 7 case. On April 8, 1982, George T. Hadley was appointed Interim Trustee and was authorized to conduct the business of the Debtor. In due course, the Interim Trustee took possession of the business premises; filed his inventory; immediately proceeded to liquidate the perishable items; and, realized the sum of $4,014.55 from the sale of the perishables. The record indicates that a second private sale of various perishable items, i.e. dairy products, frozen foods, and baking goods produced additional proceeds in the amount of $300. The sum of $4,314.55 represents the only funds realized by the estate through liquidation.

On May 4, 1982, the Interim Trustee filed a Report and Notice of Trustee's Intention to Abandon Property of the Estate, to wit: all non-perishable inventory, office furniture and equipment, and store furniture and equipment, all which remained on the premises. The Trustee abandoned these items because they were burdensome due to the fact that Malone and Hyde, Inc. held a valid perfected security interest in the properties and the indebtedness, in the approximate amount of $68,132.77 far exceeded the value of the properties. On May 12, 1982, an Order for Relief by default was entered by the Court and Mr. Hadley succeeded himself as the permanent Trustee.

The Trustee did not assume the business lease which was originally executed between the Debtor and Maude Holmes, who subsequently assigned her interest in the lease to the Island Bank (Bank). The record reveals that the Trustee never intended to assume the lease despite the repeated efforts by Malone and Hyde to persuade the Trustee to assume. Having failed, on June 7, 1982, Malone and Hyde itself filed an Application to Assume Lease alleging that demand had been made on the Trustee who refused to assume the lease; that the lease represents a major asset of the estate which, upon assumption, could be assigned thereby enabling the estate to realize substantial benefit from the assignment. Malone and Hyde ultimately withdrew the Application to Assume Lease and the lease was deemed to be rejected by operation of law upon the Trustee's failure to timely assume the same under Code § 365(d)(1).

On September 10, 1982, the Bank filed a proof of claim in the amount of $7,658.28 claiming a right to be paid for the use and occupancy of the premises from May 12, 1982 to August 16, 1982 in the amount of $3,285.19, plus a claim for attorney fees and costs in the amount of $4,372.78. The Trustee filed an Objection to the Administrative Claim contending that there was no authorization for fees or costs to be charged against the estate as an administrative expense. The Trustee lodged no objection to the allowance of the administrative rent claim, however, he filed an Application for Administrative Surcharge against Malone and Hyde who, as a result of an assignment from M & H Financial, now holds a security interest in the only property which remained in the business premises during the period in question.

It is without dispute that between May 12, 1982, and August 16, 1982, the landlord had no access to the leased premises; that the premises were constructively in the possession of the trustee although there were no properties of the estate on the premises after the liquidation of the perishables; that the only properties on the premises were those which had been abandoned by the Trustee as burdensome. It is also without dispute that the contractual rent between the lessor and the Debtor was $1,000 per month plus sales tax.

At this point, it is important to note that on November 16, 1977 and August 18, 1978, respectively, the landlord (then Maude Holmes) executed two documents titled

"Landlord's Waiver and Consent" in favor of M & H Financial, Inc., a wholly owned subsidiary of Malone and Hyde, whereby the landlord agreed to:

> " . . . waive and relinquish unto said seller or lessor and assigns . . . all right of levy for rent and all claims and demands of every kind against the chattels installed or to be installed under the contract, this waiver to continue until full compliance by said purchaser or lessee with all the terms and conditions of the contract."

It is the contention of the Bank that the Trustee occupied the premises, formerly leased to the Debtor, between May 12, 1982 and August 16, 1982; that the Bank was deprived of the use of the premises during this period; that the Bank is entitled to an allowance for the use and occupancy of the premises to be charged against the estate as cost of administration entitled to a first priority claim pursuant to § 507(a)(1).

It is the position of the Trustee that while the Bank is entitled to the administrative rent claim in the amount of $3,285.49, the estate, in turn, is entitled to surcharge Malone and Hyde for the same amount because Malone and Hyde holds an inventory lien against all inventory and equipment in the premises; that the Trustee of the estate occupied the premises for the sole and exclusive protection of the collateral; and, that the estate derived no benefit from the occupancy.

It is the position of Malone and Hyde that the allowance of the surcharge sought by the Trustee would compel Malone and Hyde to pay for the use and occupancy of the premises even though the lessor originally waived any and all claims against M & H Associates by executing the Landlord's Waiver and Consent Agreement.

■ It is well established and it is a basic proposition of law that "[a] landlord is entitled to compensation for the period during which the trustee has actual use and occupancy..." *In re Merchants Storage Co. of Virginia, Inc.,* 15 B.R. 448, 451 (Bkrtcy.E.D. Va.1981). It is without dispute that the Trustee in this case was in actual and constructive possession of the premises from the date of his appointment as interim trustee until he abandoned the properties which were left on the premises after the Trustee liquidated the perishables. It is also without dispute that after May 4, 1982, the date of the abandonment, the estate no longer had any interest in any of the chattels remaining therein. Thus, the premises were occupied by the Trustee solely for the benefit of Malone and Hyde, although he still had constructive possession and control of the premises until August 16, 1982 when he surrendered the premises to the Bank.

■ Based on the foregoing, it is clear that the estate is liable for administrative rent, not for the period between May 12, 1982 and August 16, 1982 as requested by the Bank, but for the period from April 8, 1982 (at which time the Trustee was appointed) to August 16, 1982 in the total amount of $4,332.90. Recognizing that the payment fixed by the lease is presumptively reasonable, the amount was calculated by reference to the contractual rental rate of $1,000 per month. The Bank also seeks an allowance as part of its administrative claim, attorney fees and costs in the amount of $4,372.78. The allowance to which the Bank is entitled is for use and occupancy of the premises and not for use of attorneys. This Court is not aware of any provision of the Code which would authorize such an allowance. There is no doubt that the attorney fees and costs cannot be allowed as part of an administrative rent claim.

Having determined that the Bank is entitled to an allowance of administrative rent claim, this leaves for consideration the Trustee's claim of surcharge against Malone and Hyde.

Bankruptcy Code § 506(c) provides:

> "The Trustee may recover from property securing an allowed secured claim, the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

The legislative history and comment following § 506(c) indicate that the subsection codifies the case law by allowing the Trus-

tee to recover the expenses of servicing the collateral. While the Code emphasizes the benefit to the secured creditor, cases interpreting § 506(c) continue to consider whether the creditor in any way consented to or caused the expenditures which the Trustee seeks to recover. *In the Matter of Trim-X, Inc.,* 695 F.2d 296, 301 (7th Cir. 1982); *In re Hotel Associates, Inc.,* 6 B.R. 108, 112 (Bkrtcy.E.D.Pa.1980). Considering the factors of "benefit," "consent," and "causation," it is well settled that expenses incurred prior to the notice of intention to abandon, are for the benefit of the estate absent a showing by the Trustee that the creditor caused or consented to the expenditures. "In contrast, the expenses that accrued after the Trustee filed his petition to abandon not only went to preserving assets that were ultimately abandoned to CCBL, but were also 'caused' by the secured creditor in the sense that it failed to promptly respond to the trustee's petition." *In the Matter of Trim-X, Inc.,* 695 F.2d at 301 (7th Cir.1982) (citing *In re Hotel Associates, Inc., supra; Robinson v. Dickey,* 36 F.2d 147 (3d Cir.1929), cert. denied, 281 U.S. 750, 50 S.Ct. 354, 74 L.Ed. 1161 (1930); *Equitable Loan & Sec. Co. v. Moss & Co.,* 125 F. 609 (5th Cir.1903); cf. *First Western Savings and Loan Ass'n v. Anderson,* 252 F.2d 544 (9th Cir.1958)).

In the present case, it is clear that after May 4, 1982, at which time the trustee abandoned as burdensome all the chattels remaining in the premises, the Trustee constructively occupied the same for the sole benefit of Malone and Hyde. In addition, Malone and Hyde's failure to respond to the Trustee's notice of intent to abandon caused the Trustee to incur additional expenses.

As noted earlier, Malone and Hyde contends that the allowance of a surcharge is tantamount to permitting the landlord to collect rent from the creditor in direct contravention of the waiver which was executed in favor of M & H Financial, Inc. by the Bank's predecessor in interest, Maude Holmes. The logic of this contention does not survive close analysis.

The clear intent of the "Landlord's Waiver and Consent" is evident considering the relationship of the parties to the agreement. M & H, the original holder of a security interest wanted to insure that its collateral would not be placed in jeopardy as a result of the tenant's possible default in rent payments. M & H was, no doubt, aware that pursuant to Florida law, a landlord can assert a possessory lien against the chattels of the tenant to secure payment of the rent, § 83.08(2) Fla.Stat. (Supp.1983). The entire import of the documents was to assure that upon default in rent payments, the landlord would not assert a lien against the chattels in which M & H held a security interest. There is nothing in the documents, however, that even intimates that the landlord intended to waive all claims or rights of action against the tenant.

From the foregoing, it is evident that the "Landlord's Waiver and Consent" has no impact on the right of the Bank to assert a claim for administrative rent. Further, any right to surcharge is strictly a matter between Malone & Hyde and the Chapter 7 trustee. The argument that the allowance of a surcharge is tantamount to the imposition of an obligation upon the secured creditor to pay rent, is of no consequence, since the obligation created by the surcharge runs in favor of the estate and not the landlord. It is not a rental payment at all, but reimbursement to the estate for monies expended to preserve and protect the secured creditor's collateral. Accordingly, it is clear that the landlord's right to an administrative rent claim is not affected by the two waivers and consent agreements.

An order entered in a proceeding "arising in or under" Title 11, U.S.C. is deemed to be a dispositive order whether or not cast in the form of a final judgment and shall be operative and effective immediately upon entry by the Clerk of the Bankruptcy Court pursuant to Emergency Local Rule (d)(2) unless stayed by the Bankruptcy Judge or by a District Judge.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to

Claim No. 14 to the extent that it represents attorney fees and costs in the amount of $4,372.78 filed by Island Bank be, and the same hereby is, sustained and said claim be, and the same hereby is, disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the claim by Island Bank for administrative rent be, and the same hereby is, allowed as a priority claim in the total amount of $4,332.90. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Administrative Surcharge Against Malone & Hyde, Inc. for Administrative Rent Claim filed by George T. Hadley, Trustee, be, and the same hereby is, granted and the Trustee is entitled to recover from Malone and Hyde, Inc. the sum of $3,466.32, which represents the value of the use and occupancy of the premises as calculated between the dates of May 4, 1982 and August 18, 1982.