**In re JARVIS KITCHENWARE OF D.C., INC., Debtor.**

**Bankruptcy No. 81–00015.**

United States Bankruptcy Court, District of Columbia.

Aug. 6, 1981.

Cynthia A. Niklas, Pitts, Wike Niklas & Bonner, Washington, D. C., for trustee.

Robert D. Powell, F. Gregory McKenna, Sander, Schnabel, Joseph & Powell, Washington, D. C., for defendant.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This proceeding comes before this Court on a motion for disallowance of the application for payment of administrative expenses of $6,393.70 representing rent due for the tenancy of the trustee. After examination of the pleadings and the record, and after a hearing on the issue before this Court on July 2, 1981, the Court finds the following facts:

On June 1, 1979, a security deposit was given to 1990 K Associates in the amount of $8,604.16 by Jarvis Kitchenware of D.C., Inc., pursuant to a written lease. A petition in bankruptcy was filed under Chapter 7 on January 12, 1981. On February 12, 1981, 1990 K Associates, the landlord, filed with this Court an Application for the Payment of Administrative Expense for $6,393.70 representing post-petition pro-rata rental for January 12–February 19, 1981, accrued by the trustee. On May 21, 1981, the trustee filed a motion for disallowance of this claim. She based her objection to the claim on the contention that all administrative rent due was subject to set-off pursuant to 11 U.S.C. § 541(e) in the amount of the security deposit paid under the lease. However, after a review of the pleadings and after a hearing before this Court on July 2, 1981, this Court finds that the trustee's position is erroneous.

The trustee has never denied that the landlord is owed $6,393.70 for post-petition rent. The issue to be decided is whether the trustee can, pursuant to 11 U.S.C. § 541(e), offset the post-petition rent accrued by the trustee with the $8,604.16 security deposit paid to the landlord pursuant to a lease entered into with the debtor in June 1979. This Court finds that the trustee cannot set-off the post-petition rent with the security deposit.

█ Once a petition in bankruptcy is filed, a new entity is created. In this instance, Jarvis Kitchenware of D.C., Inc., a corporate entity would no longer exist and in its place a new entity—that of Jarvis Kitchenware of D.C., Inc., debtor—would evolve. Hence, there are two separate entities dealing with the landlord. There is the corporate entity of Jarvis Kitchenware of D.C., Inc., who signed a lease agreement with the landlord, and there is Jarvis Kitchenware of D.C., debtor, whose rights spring not from any mutual assent of the parties but from operation of law pursuant to 11 U.S.C. § 301. The entities liabilities are treated differently in regard to the rent. All rent accrued under the lease agreement prior to the filing of the petition would be treated as pre-petition rent. All post-petition rent accrued by the trustee would be treated as a priority expense of administration under 11 U.S.C. § 503 and subject to being paid out of the debtor's estate.

In *S & W Holding Co.*, 317 F.2d 666, 668 (2d Cir. 1963), a case decided under the Old Bankruptcy Act but certainly analogous here, the Court found that when a trustee uses the premises of a debtor post-petition, it is an expense of administration of that estate. It maintained that this post-petition rental does not arise out of the lease and so has no relation to it. The Court therefore held that since the deposit by the lessee was for security of both the performance of the rental payment and for observance of all the terms of the lease, the security deposit could be used to offset the rent accrued pre-petition. The Court explained its holding by stating that "[w]hen the lessor does have another claim against the debtor to which the security is properly applicable, it would deprive him of a part of his rights under the lease instrument to require that he apply the security to administrative expenses." *Id.*

In a more recent decision, *In re Standard Furniture Co.*, 3 B.R. 527, 6 B.C.D. 270 (Bkrtcy.S.D.Calif.1980), a trustee was allowed to offset post-petition rent with a pre-petition security deposit. However, in that case there were no pre-petition rental arrears. This is a very significant difference from the case presently before this Court. If there is no pre-petition amounts owed to the landlord, then the trustee who stands in the shoes of the debtor can use her right of setoff as to the post-petition rent. Under 11 U.S.C. § 541(e) an "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate." If there is no pre-petition money owed to the landlord, then the trustee is entitled to pull all of the security deposit into the estate. Thus, when rent is owed post-petition by an estate and there are no pre-petition arrearages, the trustee is entitled to set-off the security deposit owed to the debtor with the post-petition rent due from the trustee. However, in this case pre-petition rent was owed to the landlord. Thus, the landlord is entitled to set-off the pre-petition rent arrearages with the security deposit as the security deposit purpose was to protect the landlord from defaults in both the rent and other terms of the lease. Since the trustee can only assert the defenses that were available to the debtor, the trustee is entitled to only that which the debtor is entitled. Since the debtor could never have asserted a defense against the landlord to recover the security deposit, as it was the debtor who was in default on the lease, the trustee also would not be entitled to any of the deposit when there are pre-petition arrearages that exceed the amount of the deposit.

It is therefore found by this Court that the trustee has no right to set-off the post-petition rent with the security deposit as there are pre-petition rental arrearages that exceed the amount of the security deposit.