**In re CASTLE TOOL SPECIALTY COMPANY t/a Gabriel Tool Specialty Co., Debtor.**

**COLUMBIA CONSULTING CO., INC., Plaintiff,**

v.

**CASTLE TOOL SPECIALTY COMPANY t/a Gabriel Tool Specialty Co., Defendant.**

**Bankruptcy No. 81–03619G.**
**Adv. No. 81–1315G.**

United States Bankruptcy Court, E. D. Pennsylvania.

July 30, 1982.

---

Alexander Rubin, Jr., Robert Szwajkos, Rubin, Quinn, Moss & Girard-DiCarlo, Philadelphia, Pa., and Richard B. Perlman, Norristown, Pa., for plaintiff, Columbia Consulting Co., Inc.

Walter D. Campbell, Levittown, Pa., for debtor/defendant, Castle Tool Specialty Co. t/a Gabriel Tool Specialty Co.

Howard T. Glassman, Wexler, Weisman, Forman & Shapiro, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is what is the fair rental value of the premises which the debtor occupies. We conclude that that value is $5,200.00 per month.

The facts of the instant case are as follows:[1] On September 10, 1981, Castle Tool

Specialty Company t/a Gabriel Tool Specialty Company ("the debtor") filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code"). On October 1, 1981, Columbia Consulting Co., Inc. ("the plaintiff") filed a complaint against the debtor seeking relief from the automatic stay to permit it to enforce its right to collect rent from the debtor for certain premises which the debtor occupies located at 900 Providence Road, Upper Darby Township, Delaware County, Pennsylvania. In its answer, the debtor admitted that the plaintiff is the record owner of those premises but asserted that that ownership is subject to certain claims and interests of the debtor in that property.[2] For the purposes of the instant complaint, the parties stipulated to having the court decide the issue of the fair rental value of the premises while reserving a decision on the issue of who is the rightful owner of those premises.

Although the issue was raised at the trial herein of whether we have the authority to determine what the fair rental value of the premises is, it is clear that we do have such authority. First, under § 362(d)(1) of the Code, a party with an interest in property is entitled to relief from the automatic stay if its interest in that property is not being adequately protected.[3] The provision of periodic payments is one method of providing such adequate protection.[4] Although the debtor asserted in its brief that the plaintiff has failed to establish that it has any interest in the premises which is entitled to adequate protection, we find otherwise. In its answer to the instant complaint, the debtor admitted that the plaintiff was the record owner of that property. As record owner, the plaintiff has some interest in the subject property and is entitled to adequate protection of that interest. Since § 362(g)(2) puts the burden of proof on the issue of adequate

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. See ¶ 2 of Debtor's Answer (filed October 19, 1981).

3. 11 U.S.C. § 362(d)(1).

4. *Id.* at § 361(1).

protection on the debtor,[5] we conclude that the burden was on the debtor to establish that the plaintiff's ownership interest was such that it was not entitled to the fair rental value of that property as adequate protection. The debtor failed to sustain that burden and, therefore, we conclude that the plaintiff is entitled to the fair rental value of the premises which the debtor occupies.[6]

Second, we have authority to determine the fair rental value of the subject property because under § 503(b)(1)(A) of the Code there shall be allowed, as an administrative expense, "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." [7] Clearly, the fair rental value of premises which are used by the debtor after the commencement of its case is an administrative expense for a service rendered to the estate.[8]

Turning then to the issue of the fair rental value of the instant premises, we conclude that that value is not as high as the plaintiff contends nor as low as the debtor asserts. The plaintiff offered the testimony of a real estate expert who stated that the fair rental value of the property is $78,960.00 per year or $6,580.00 per month,[9] while the debtor offered the testimony of a real estate expert who stated that the fair rental value of the property is $45,600.00 per year or $3,800.00 per month.[10]

Both parties raised questions about the weight to be given the testimony of the other party's expert witness. The debtor pointed out that the plaintiff's witness failed to give adequate consideration in his calculations to the fact that the roof of the building in question had a severe leakage problem. The debtor also stressed that the plaintiff's witness gave too little weight to the fact that the parking lot, because it was in a flood plain, had a serious problem with pot holes. Finally, the debtor asserted that the plaintiff's witness failed to consider that the premises did not have immediate access to a major highway which is an important consideration to a business which requires frequent shipments to and from its premises.

Similarly, the plaintiff asserted that there were several reasons why the testimony of the debtor's expert witness should be discounted. For example, the plaintiff contends that the debtor's witness used, as properties comparable to the subject property, premises which are located in a depressed, crime-ridden area which is not truly comparable to the area in which the subject property is located. Furthermore, the plaintiff notes that the debtor's witness used, as comparable properties, premises which were leased to multiple tenants rather than a single-tenant property which is the case with the subject property. Finally, the plaintiff asserted that the testimony of the debtor's witness should be given less weight because that witness spent only 5–10% of his time in Delaware County where the subject property is located thus making him less familiar with the area than plaintiff's witness.

After carefully considering the pros and cons attendant upon each of the experts' testimony we conclude that the fair rental value of the subject property is $62,400.00 per year or $5,200.00 per month.

---

5. *Id.* at § 362(g)(2).

6. This does not preclude the debtor from seeking to recoup any payments made to the plaintiff if it is later determined that the plaintiff is not the owner of the premises.

7. 11 U.S.C. § 503(b)(1)(A).

8. *See, e.g., In re Rhymes, Inc.,* 14 B.R. 807 (Bkrtcy.D.Conn.1981); *In re Jarvis Kitchen-*

*ware of D. C., Inc.,* 13 B.R. 230, 7 B.C.D. 1195 (Bkrtcy.D.D.C.1981); *In re Standard Furniture Co.,* 3 B.R. 527, 6 B.C.D. 270, 2 C.B.C.2d 274 (Bkrtcy.S.D.Cal.1980).

9. *See* N.T. at 11.

10. *See* N.T. at 62.