**In re DAKOTA INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 480–00224.**

United States Bankruptcy Court, D. South Dakota.

May 10, 1983.

Frank M. Eichler II, Stuart & Gerry, Sioux Falls, S.D., for debtor.

John C. Quaintance, Quaintance, Swanson & Johnson, Sioux Falls, S.D., for creditor.

Scott C. Petersen, McFarland, Petersen & Nicholson, Sioux Falls, S.D., for unsecured creditors' committee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Jahan Company, Inc. ("Jahan"), a post-petition creditor of Dakota Industries, Inc. ("Dakota"), a debtor in possession in a Chapter 11 proceeding, seeks registry with this Court of a default judgment entered by the New Jersey Bankruptcy Court against Dakota. Jahan seeks administrative expense priority for the judgment and assistance from the United States Marshal to enforce the judgment against the debtor's property. Dakota requests an injunction against Jahan prohibiting the registry of or execution on such judgment. The Court issued an order staying the entry of such judgment and set the matter for hearing. Two hearings were held before this Court

and the matter taken under advisement pending completion of the appeal process in New Jersey.

The United States District Court for the District of New Jersey refused Dakota relief from the default judgment and the matter is now before this Court on the question of administrative priority. The arguments of counsel at the hearings and the memoranda of law filed with this Court focus on the jurisdiction of the New Jersey Bankruptcy Court to entertain the action against Dakota and the enforceability of the default judgment in this Court. Counsel for Jahan asserts that this Court is bound by the decision of the District Court of New Jersey. Counsel for Dakota, on the other hand, urges this Court to enjoin the registry of the judgment and any attempted execution on said judgment on the basis that this Court is not bound by the New Jersey court's decision.

Dakota, a South Dakota corporation, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174, on July 22, 1980, in the United States Bankruptcy Court for the District of South Dakota. Dakota has continued to operate as a debtor in possession since the filing of the petition.

On April 19, 1982, Jahan filed a complaint alleging breach of contract against Dakota in the Bankruptcy Court for the District of New Jersey. This action arose over alleged defects in clothing manufactured by Dakota and shipped to Jahan pursuant to a contract between the parties entered into subsequent to Dakota's Chapter 11 filing. As a result of inattention by counsel in New Jersey retained by Dakota, no responsive pleadings were filed and a default judgment was entered on June 3, 1982.

On June 21, 1982, the Clerk of the Bankruptcy Court for the District of South Dakota received a Certification of Judgment For Registration in Another District executed by the New Jersey Bankruptcy Clerk with a certified copy of the default judgment annexed to the Certificate. This partial judgment on default was entered in an amount of $130,000. plus interest and costs of $60. for contract damages, and an additional $30,000. for loss of profits with the opportunity to submit additional proofs by affidavit on damage to its business reputation and punitive damages for fraud. Counsel for Jahan, by accompanying correspondence, directed the registration of the judgment as an administrative claim and also requested the assistance of the United States Marshal in enforcing the judgment.

On July 1, 1982, this Court entered a stay of entry of the default judgment and ordered a hearing on the matter for August 24, 1982. At the hearing, the Court heard argument from counsel for Dakota, counsel for Jahan, and counsel for the Unsecured Creditors' Committee. The matter was continued pending resolution by the New Jersey Bankruptcy Court of a motion filed by Dakota requesting that Court to vacate the default judgment. This Court held a further hearing on October 12, 1982, but took the matter under advisement pending the disposition of an appeal by Dakota to the United States District Court for the District of New Jersey. By decision of February 3, 1983, the District Court affirmed the New Jersey Bankruptcy Court's denial of Dakota's motion to vacate the entry of the default judgment.[1]

Jahan's contention that this Court is bound by the decision of the New Jersey District Court is without merit. Jahan has, at most, an unsecured claim against Dakota's Chapter 11 estate. The property of the estate is under the jurisdiction of this Court for administration. The automatic stay provided under 11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate." This prohibition applies not only to the estate created at the commencement of the case upon the filing of the bankruptcy petition but also any property acquired by the debtor thereafter. 11 U.S.C. § 541(a)(7). As one example, should the debtor in possession enter into a contract in the ordinary course of business, that con-

1. *Jahan Co. v. Dakota Industries, Inc.,* 27 B.R. 575 (D.C.N.J.1983).

tract becomes property of the estate. 124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978); S17,413 (daily ed. Oct. 6, 1978). If there is any lingering doubt by Jahan that the automatic stay does not apply to any attempt to execute on the judgment, the Court's order of July 1, 1982, should dispel that. Section 105 grants the power to issue orders necessary or appropriate to carry out the provisions of Title 11. Any further action by Jahan against Dakota is prohibited by statute and by order of this Court.

■ Jahan may have an administrative claim against Dakota entitled to priority payment. A debtor in possession may obtain unsecured credit in the ordinary course of business and such debt may be allowable under § 503(b)(1) as an administrative expense. 11 U.S.C. § 364(a). A post-petition creditor files a "request" for payment of the administrative expense with the court. 11 U.S.C. § 503(a). After notice and hearing, the administrative expense is allowed or disallowed. 11 U.S.C. § 503(b). The notice and hearing required is only that which is appropriate in the circumstances. 11 U.S.C. § 102(1)(A). Notice is required; however, if such notice is properly given, the payment requested can be authorized by the court without a hearing if no hearing is requested by any party in interest within twenty (20) days. § 102(1)(B); Interim Rules of Bankruptcy Procedure 2002(b)(9).

In a Chapter 11 proceeding, any party in interest, including a creditor, may raise and may appear and may be heard on any issue. 11 U.S.C. § 1109(b). A "creditor" is any entity that has a claim against the debtor whether that claim arose at the time of or before the order for relief of the debtor. 11 U.S.C. § 101(9)(A). A priority tax creditor is also included. 11 U.S.C. § 101(9)(B). No party of interest, other than the debtor, has received notice of Jahan's action in New Jersey.

■ If a party in interest requests a hearing on the request for payment of an administrative expense, the court hears any objection to the claim. Not all post-petition debts incurred by the debtor in the ordinary course of business enjoy administrative expense status. In addition to being in the ordinary course, they must be beneficial to the estate. If a court determines, after receiving evidence, that the expenditure did not benefit the estate, the court may disallow the claim or perhaps treat it like an unsecured pre-petition claim. *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.*, 280 F.2d 119, 124–25 (2d Cir.1960).

■ The "actual and necessary" requirement for allowance of a cost or expense as an administrative priority applies to operating administrative expenses under § 503(b)(1)(A). The court has broad discretion in determining whether a claim should be entitled to administrative priority. *Lerner Stores Corp. v. Electric Maid Bake Shops*, 24 F.2d 780 (5th Cir.1928).

■ If the administrative expense is allowed by the court, it thereafter has first priority in payment of claims before any distribution to other priority creditors or other general unsecured creditors. 11 U.S.C. § 507(a)(1). There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case; however, the allowed claim must be paid in full in cash upon confirmation unless the holder of the administrative claim agrees otherwise. 11 U.S.C. § 1129(a)(9)(A). The rationale is that continued operations are absolutely necessary to a successful reorganization and, theoretically, to preserve the business's "going concern" value to the benefit of the unsecured creditors also having an interest, restricting administrative claims to those reasonable and necessary because every priority claim diminishes the payments to unsecured creditors.

■ For the foregoing reasons, it is the judgment of this Court that the automatic stay prohibits any enforcement of the default judgment entered by the Bankruptcy Court for the District of New Jersey. This Court shall continue the stay prohibiting the docketing of such judgment until further order of the Court. Jahan Company is an unsecured creditor in the estate of Dako-

 

ta Industries, Inc., until such time as a request for administrative priority is filed with this Court in the form of a notice of proposed action and served on all parties of interest. In the interests of justice and to prevent any undue hardship to Jahan, any administrative priority subsequently allowed shall be entered effective July 1, 1982.

This Memorandum Decision constitutes Findings of Fact and Conclusions of Law. An appropriate order shall enter.