**In re BECO, INC.**

**Bankruptcy No. 580–00575–M.**

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Feb. 14, 1985.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

On September 6, 1984, Herschel A. Gentry, Trustee herein, filed an Application to Determine Status of Claims, Amounts of Claims, and for Authority to Pay Claims. This matter was set for hearing on September 26, 1984, in Monroe, Louisiana. At said hearing the following claims were examined:

A. Claim No. 122—R & M Leasing Company—$2,450.00.
B. Claim No. 123—Patrick L. Booker—$9,676.94.
   Claim No. 124—Patrick L. Booker—$2,000.00.
   Claim No. 159—Patrick L. Booker—which amended claims No. 123 & 124—$32,268.39.
C. Claim No. 160 which amended Claim No. 79—Zanders Enterprises Ltd.—$31,152.00.
D. Claims filed on August 2, 1984, by Patrick L. Booker—$10,123.50.

Each claim will be examined and decided separately and accordingly to the arguments and evidence presented.

### Claim No. 122

There was no argument or evidence presented as to this claim for the apparent reason that the claim was paid, therefore rendering this Application moot as to said claim.

### Claims No. 123, 124 and 159

▮ There appeared to be some confusion involving claim # 159, which claim amended claims 123 and 124. It has been determined that this is actually two claims, one which is an unsecured claim of $11,-410.00, $2,000.00 of which has already been paid, and the other being a priority claim of $21,239.00. Both claims are for salaries earned by Mr. Patrick L. Booker. The claim of ·$9,410.00 ($11,410.00 Less $2,000.00) represents pre-petition salary. There is no dispute that if this claim is allowed it will be classified as an unsecured claim against Beco. Therefore, the only inquiry is as to the reasonableness of said claim. After reviewing the arguments presented and evidence produced, this Court is of the opinion that the claim of $91,410.00 for pre-petition salary of Patrick L. Booker is reasonable and should be allowed as an unsecured claim.

The other claim is for $21,239.00 of post-petition salary, to be classified as a priority claim. 11 U.S.C. Section 503(b) provides:
(b) After notice and a hearing, there shall be allowed administrative ex-

penses, other than claims allowed under Section 502(F) of this title including—
(1)(A) the actual, necessary costs and expenses including wages, salaries, or commissions for services rendered after the commencement of the case;
▮ Section 503(b)(1)(A) clearly provides for the classification of wages as an administrative expense. Compensation, as an administrative expense in a bankruptcy case, can only be awarded for actual services performed. *IN RE WHET, INC.*, 33 B.R. 443. The evidence presented clearly leads this Court to the conclusion that Patrick L. Booker actually provided the services to which he is seeking compensation. In fact, Mr. Booker assumed more duties since the filing of the Chapter 11 petition, in order to decrease the company's overhead. As noted by counsel, the Bankruptcy Court has broad discretion in determining whether a claim is entitled to an administrative priority. 11 U.S.C.A. §§ 364(a), 503(b)(1), 1101 et seq.—*IN RE DAKOTA INDUSTRIES, INC.*, 31 B.R. 23. It is this light that the evidence presented is looked upon by the Court.

At the hearing, of September 26, 1984, and in opposing counsel's memorandum, there are references to a cut in salary and the lack of a formal authorization of Mr. Booker's salary. This Court feels that its Order of May 12, 1980 authorizing the debtor-in-possession to continue management of the company adequately answers any question as to the employment of Mr. Booker. The issue before the Court today is the reasonableness of Mr. Booker's salary. As to the issue of whether or not Mr. Booker's salary was cut, that hasn't been adequate evidence of such. At times when a corporation files for reorganization, the directors and officers of such corporation may take a cut in pay, especially if salaries were inflated prior to bankruptcy. This practice is neither a policy nor a prerequisite to a determination of the reasonableness of an officer's salary. In other instances the salary of an officer will remain the same while his duties and responsibil-

ities will increase due to the laying off of supporting staff and personnel. This Court feels that the latter fits the case at hand and further feels that the application of Mr. Booker for post-petition salary in the amount of $21,239.00 is reasonable and for actual services rendered and should be allowed as an administrative expense.

### Claim No. 161

Claim No. 161 entails an application in the amount of $10,123.50, which sum reflects the charge by Mr. Booker for his time spent during the ALL–PHASE litigation brought on behalf of Beco, Inc. As to this matter, the evidence clearly supports a finding that the services of Mr. Booker were instrumental in the recovery of a large sum on behalf of Beco, Inc., to the benefit of creditors. Upon review of opposing counsel's memorandum, their objection to this claim can be reduced to the following:

(1) Mr. Booker's services were not rendered as a result of employment as a professional or consultant by the Trustee,

(2) There was no Court approval of this "employment",

(3) Court approval was not sought for the employment of Mr. Booker under Section 327(a),

(4) Mr. Booker doesn't qualify as a disinterested person for the purposes of Section 327(a), and

(5) Mr. Booker qualifies as a professional person for the purposes of Section 327.

The Court will address these arguments accordingly.

First, the testimony is uncontroverted that the services rendered by Mr. Booker in connection with the ALL–PHASE litigation were without benefit of employment by the Trustee.

Second, if there was no employment of Mr. Booker per se, then there is no requirement for Court approval of such employment.

Statements (3), (4) and (5) will be handled simultaneously in order to avoid further confusion. Here counsel is apparently arguing that the Trustee should have sought Court approval under Section 327(a) because Mr. Booker is a professional, but employment should be denied because Mr. Booker is not a disinterested party. Upon review of the facts submitted, Mr. Booker should not be considered a professional consultant for purposes of Section 327. In any other proceedings it is possible that Mr. Booker may be classified as a consultant, but in the ALL–PHASE litigation Mr. Booker was not used as a "consultant" per se; Mr. Booker was used or his services were rendered because of his personal knowledge of the corporation, its operations, the problems involved, and the resultant impact on Beco, Inc., all of which gave rise to the cause of action therein. It is highly unlikely that a consultant could have been hired to do or perform as Mr. Booker did within the realm of being a "professional consultant". Counsel has failed to give the Court a reasonable alternative by which the Trustee, or Counsel for the Trustee, could have obtained the services of Mr. Booker in any other way. In effect, Mr. Booker has "rolled the dice" by making an application for an administrative expense under Section 503(b)(1)(A). If Mr. Booker had sought employment by the Trustee, then surely repayment for services rendered would have been insured, assuming such employment was approved. It is thus apparent that the services rendered by Mr. Booker, and their subsequent recovery were hinged upon the success or failure of the ALL–PHASE litigation. Therefore, this Court is of the opinion that the services rendered by Mr. Booker were not rendered as a professional consultant; and such services appear to be reasonable both as to hours, rate and total amount; and due to the successful outcome of the ALL–PHASE litigation, based in part on the services of Mr. Booker, Mr. Booker's claim for $10,123.50 should be allowed as an administrative expense pursuant to 11 U.S.C.A. Section 503(b)(1)(A).

**566**

*Claim No. 160*

 This claim is representative of an application by Zander's Enterprises for rent due during the period of the debtor-in-possession. Opposing counsel looks to the Statement of Executory Contracts dated July 7, 1980, filed July 14, 1980, as a basis of fixing the rent at $23,400.00 per year. Upon closer examination of said Statement, Paragraph 1 includes, "unless either party notifies in writing 90 days prior to expiration of the lease for a yearly rental of $23,400.00." It is apparent that the Statement of Executory Contracts was merely tracking language contained in the original lease, both of which appear to contain language allowing modification of the said lease. Therefore, the increases in the base rent which were testified to should be allowed. Counsel further argues that the estate is liable only for the reasonable value of the use and occupancy of the premises. It has been established that claims for administrative expenses have been allowed for the fair rental value of premises which are used by the debtor after commencement of its case under Chapter 11 of this Title. *In Re Castle Tool Specialty Co.,* 22 B.R. 44, (Bkrtcy.Pa.1982). A standard to be used in determining the value of leased premises is the amount established in the lease itself. *Matter of Merchants Storage Co. of Virginia, Inc.,* 15 B.R. 448, (Bkrtcy. Va.1981). There being evidence in support of a lease in the amount of $2,750.00 per month and in support of a finding that $4,000.00 per month is a reasonable rent of said premises, and there being no showing that the aforementioned is unreasonable, nor what a reasonable amount should be, this Court finds that Zanders Enterprises should be allowed an administrative claim in and for the amount of $31,152.00.

Therefore,

IT IS ORDERED that there be allowed an unsecured claim of $9,410.00 for prepetition salary on behalf of Mr. Patrick Booker.

IT IS FURTHER ORDERED that there be allowed an administrative claim of $21,-239.00 for post-petition salary on behalf of Mr. Patrick Booker.

IT IS FURTHER ORDERED that there be allowed an administrative claim of $10,-123.50 for services rendered during the ALL–PHASE litigation on behalf of Patrick Booker.

IT IS FURTHER ORDERED that there be allowed an administrative claim of $31,-152.00 for post-petition rent on behalf of Zanders Enterprises.