**In re INSLAW, INC., Debtor.**

**Bankruptcy No. 85-00070.**

United States Bankruptcy Court,
District of Columbia.

Oct. 14, 1987.

Charles Docter, Washington, D.C., for debtor.

Phillip Felts, Bethesda, Md., for movant.

## OPINION AND ORDER

GEORGE F. BASON, Jr., Bankruptcy Judge.

This matter is before the Court on the application by Prudential Insurance Company of America (Prudential) to set off a security deposit against pre-petition rents. Prudential filed its application in connection with its motion for partial summary judgment on the Debtor/defendant's counter-claim for turnover of its security deposit in *Prudential Insurance Co. of America v. Inslaw, Inc.*, Adversary Proceeding No. 86-0063.

## FACTUAL BACKGROUND

Prudential was the Debtor's landlord at 9602F George Palmer Highway, Lanham, Maryland until the Debtor rejected the lease by authority of this Court on April 11, 1985. Pursuant to and at the outset of the lease between the parties, the Debtor had given Prudential one month's rent, or $11,100.00, as a security deposit to provide security in the event the "tenant defaults on any of the terms, provisions, covenants and conditions of this lease, including but not limited to the payment of rent." Pre-petition rent arrearage totalled $25,882.70. The unpaid post-petition, pre-rejection rent (or compensation for use and occupancy) also, apparently, exceeds the amount of the security deposit.

By its application, Prudential seeks relief from the automatic stay imposed by 11 U.S.C. Section 362(a)(7) in order to set off the security deposit against the pre-petition rent arrearage. The Debtor, on the other hand, contends (through papers filed in the above-referenced adversary proceeding) that the security deposit should be returned to it or that the security deposit should be applied against the unpaid post-petition administrative-expense rent.

## MEMORANDUM AND ORDER

The Court finds as a matter of law that Prudential should be granted relief from the automatic stay and permitted to set off the security deposit against the pre-petition rent arrearage.

The automatic stay provision of the Bankruptcy Code prohibits, *inter alia*, "the setoff of any debt owing to the debtor that arose before the commencement of the case under [the Bankruptcy Code] against any claim against the debtor" without authorization from the Court. 11 U.S.C. Section 362(a)(7). At the same time, however, 11 U.S.C. Section 553 preserves the creditor's right "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under [the Bankruptcy Code] against a claim of such creditor against the debtor that arose before the commencement of the case," once relief from the automatic stay has been granted pursuant to 11 U.S.C. Section 362(d).

There is substantial authority in this and in other jurisdictions for the proposition that a landlord may, pursuant to 11 U.S.C. Section 553, set off a security deposit against his claim for pre-petition rent. "[T]he landlord is entitled to set-off the pre-petition rent arrearages with the security deposit as the security deposit purpose was to protect the landlord from defaults in both the rent and other terms of the lease." *In re Jarvis Kitchenware of D.C., Inc.,* 13 B.R. 230, 232, (Bankr.D.D.C.1981); *In re William J. Brittingham, Inc.,* 39 B.R. 575 (Bankr.D.Del.1984). These readings of the Bankruptcy Code's set-off provision are consistent with readings under Section 68 of the old Bankruptcy Act. *See e.g., S & W Holding Co. v. Kuriansky (In re W.L. Boffa, Inc.),* 317 F.2d 666, 667 (2nd Cir.1963): "It is conceded by all that the [unpaid] rent due for the [pre-petition] portion of this month, $194.94, is properly chargeable against the security deposit which S & W now holds."

Although "[t]he allowance of a set-off is within the discretion of the trial court" and set-offs "are not automatically permitted" (*Melamed v. Lake County National Bank,* 727 F.2d 1399, 1404 (6th Cir.1984) nonetheless "[g]enerally set off should be permitted absent compelling circumstances, subject only to traditional rules of equity." *In re Springfield Casket Co.,* 21 B.R. 223, 228 (Bankr.S.D.Ohio 1982).

The Debtor has not set forth any "compelling circumstances" that would indicate why Prudential should not be permitted to set off the security deposit. Indeed, the Debtor has not filed an opposition to Prudential's application and has only submitted two unpersuasive legal arguments in its memorandum in support of defendant's opposition to plaintiff's motion for summary judgment in the adversary proceeding. The only equitable consideration which this Court deems applicable on the facts of this case is that the landlord, having had possession and use of the security deposit fund for a period of years, should credit the Debtor with the interest accrued on that fund.

In its memorandum, the Debtor states, "[T]he question to be determined is whether [the security deposit] should be set-off against the pre-petition or post-petition claim."

This statement ignores the lack of that mutuality of debt required by 11 U.S.C. Section 553 as between the pre-petition security deposit and the post-petition rent. *In re Springfield Casket Co., supra; In re Hill,* 19 B.R. 375, 380 (Bankr.N.D.Tex. 1982). *In re Standard Furniture Co.,* 3 B.R. 527 (Bankr.S.D.Calif.1980), is distinguishable since in that case there were no pre-petition rental arrears. In those circumstances, as explained in *Jarvis Kitchenware, supra,* 13 B.R. at 232, the trustee or debtor-in-possession "is entitled to pull all of the security deposit into the [bankruptcy] estate" and then offset it against post-petition rent.

The Debtor's other argument against set-off is that, if the security deposit has been segregated from the rest of the landlord's funds, then it may be considered a trust fund, the corpus of which would be property of the estate and not a debt owing to the debtor. The Debtor cites two cases in support of its proposition. The first, *In re Destron, Inc.,* 40 B.R. 927 (Bankr.N.D.Ill. 1984), is clearly distinguishable. The Court found that the fund there at issue was not a rental security deposit at all, but rather a special one-year trust fund set up solely to reimburse the landlord for its expenditures for tenant improvements. Also the landlord's claim in that case was for post-petition rather than pre-petition transactions.

The Debtor's second-cited case, (*In re Brendern Enterprises, Inc.,* 12 B.R. 458 (Bankr.E.D.Pa.1981), is at best only remotely related to this case. There the creditor sought to set off against his claim not a security deposit but goods belonging to the Debtor that had been returned to the creditor for repair, replacement or a credit on future purchases. These goods, being the Debtor's property, were not, the Court held, a "debt" which could be used as a set-off.

NOW THEREFORE, it appearing that it would be appropriate to permit Prudential

to set off the security deposit against the pre-petition rent arrearage, it is hereby

ORDERED that pursuant to 11 U.S.C. Section 362(d) Prudential is granted relief from the automatic stay for the purpose of exercising its right of set-off under 11 U.S.C. Section 553; and it is further

ORDERED that Prudential is permitted to set off the security deposit, with all interest accrued thereon to date, against the Debtor's pre-petition rent arrearage; and it is further

ORDERED that Prudential's administrative-expense claim for post-petition rent shall remain undisturbed by this Order.