In Re WRIGHT AIRLINES, INC., Debtor.

Richard A. BAUMGART, Trustee, Plaintiff,

v.

NATIONAL CITY BANK, Defendant.

Bankruptcy No. B84–02493.
Adv. No. B87–0367.

United States Bankruptcy Court, N.D. Ohio, E.D.

July 1, 1988.

Richard A. Baumgart, Dettelbach & Sicherman Co., L.P.A., Cleveland, Ohio, pro se.

Wayne P. Marta, Vorys, Sater, Seymour & Pease, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the Complaint of Richard A. Baumgart, Trustee in Bankruptcy (Trustee), to recover a postpetition transfer and to recover preferences from the Defendant National City Bank (NCB). To resolve this adversary proceeding, the parties have submitted the matter on their respective briefs.[1] Pursuant to Rule 7052, Bankr.Rules, the following constitutes the Court's findings and conclusions:

### I.

This adversary constitutes a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(E), (F) and (O), with jurisdiction further conferred under provisions of 28 U.S.C. 1334, 11 U.S.C. §§ 549, 551 and General Order No. 84 of this District. The dispositive facts are generally undisputed. On September 27, 1984, Wright Airlines, Inc. (Debtor) caused to be filed its voluntary petition seeking an order of relief under Chapter 11. Subsequently, on July 12, 1985, the case was converted to one under Chapter 7. Preconversion, the Debtor was engaged in an airline service business, flying both scheduled and chartered flights.

---

1. By stipulation, the parties agree that none of the payments made by the Debtor to NCB within the 90–day period prepetition were preferential transfers avoidable under § 547 of the Bankruptcy Code.

Additionally, the Debtor conducted business as a fixed based operator, providing general aircraft service and maintenance. Within the time-frame pertinent to this adversary proceeding, the Debtor's remaining aircraft inventory consisted of two Convair aircraft which were owned by the Debtor subject to a security interest held by the Defendant, NCB. Following a default in payments, the Debtor filed its complaint to sell the aircraft pursuant to § 363 of the Code [11 U.S.C. § 363], upon which judgment was granted for the Debtor allowing the sale. Confirmation of the sale resulted in the aircraft being sold to Holland Industries, Inc. (Holland) for a purchase price of $1,300,000.00. The terms of the sale, *inter alia,* required Holland to assume the Debtor's outstanding indebtedness to NCB which totalled $1,225,000.00, in addition to the execution of a promissory note in an amount of $75,000.00 in favor of the Debtor.

Subsequent to that aircraft sale to Holland, one of the Debtor's creditors filed a motion to convert the case to one under Chapter 7. Prior to the Court's ruling on that motion, the Debtor filed a motion seeking authority to enter into a lease with Holland to effect a lease back of the same two aircraft it had earlier sold to Holland. Without ruling on the latter motion, the Court entered its order converting the case to Chapter 7 on July 12, 1985. On that conversion date, the Debtor caused to be issued its check in an amount of $55,000.00 payable to NCB to, purportedly, satisfy its rental obligation to Holland and, in turn, apply to Holland's attendant debt to NCB. Following that transfer, this adversary proceeding ensued.

## II.

The dispositive issues are two-fold: (1) Whether the $55,000.00 transfer to NCB by the Debtor was made within the ordinary course of business; and (2) Whether the $55,000.00 transfer occurred prior to the case being converted to Chapter 7 or postconversion. In addressing these issues the Plaintiff–Trustee contends that (1) the transfer sought to be avoided was not made in the ordinary course of business

and (2) if the transfer is determined to have been made postconversion, it becomes irrelevant whether the transfer was made in the ordinary course of business and the Trustee is entitled to judgment as a matter of law. The Defendant NCB, contends that (1) the Debtor's post-sale use of the subject aircraft gave rise to an administrative expense owed by the Debtor to Holland; (2) Such expense occurred within the ordinary course of the Debtor's business and outside the purview of § 549(a) of the Code; (3) As Holland's secured party, it (NCB) was entitled to collect on Holland's administrative claim against the Debtor; and (4) Allowing the Debtor to use the aircraft without compensating Holland therefor would be prejudicial to NCB and would further constitute an unjust enrichment to the Debtor's estate.

## III.

Section 549 of the Bankruptcy Code [11 U.S.C. § 549], provides in relevant part the following language:

§ 549. Postpetition transactions.

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) [that] occurs after the commencement of the case; and

(2)(B) that is not authorized under this title or by the court. 11 U.S.C. 549(a)(1), (2)(B).

Section 503 of the Code, [11 U.S.C. § 503] provides in pertinent part:

§ 503. Allowance of administrative expenses.

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including

■ An examination of the docket, relevant pleadings, and representations of counsel clearly indicates that the transfer of $55,000.00 was made by the Debtor to NCB postpetition. *See, Stipulations,* para. 8. Contrary to the complaint allegations,

NCB contends that the $55,000.00 constituted an administrative expense incurred by the Debtor's estate pursuant to § 503(b)(1)(A). Such a contention is without merit. Firstly, as indicated above, an administrative expense is allowable only upon request to the Court. 11 U.S.C. § 503(a). In this situation, the record is silent to reflect where any party to this adversary has requested such an allowance. 11 U.S.C. § 503(a). Secondly, if requested, the allowance would be granted only after notice and hearing as prescribed by § 503(b). *In re Dakota Industries,* 31 B.R. 23, 10 B.C.D. 1115 (D.S.Dak.1983). Herein, there was no notice to that effect and no hearing was held.

■ Furthermore, as of the time the transfer was made, there existed no privity between the Debtor and NCB. Although the Debtor previously was indebted to NCB as a secured creditor for its acquisition of the two Convair aircraft, that relationship terminated in the sales transaction wherein the Debtor sold the aircraft to Holland and NCB released its claim against the Debtor. *See,* Order dated May 20, 1985; *Stipulations,* para. 7. There is no docket entry to reflect that either NCB or Holland filed a request for an administrative expense. Thusly, none is allowable, and NCB has further failed to prove where it incurred any actual and necessary costs which were beneficial to the Debtor's estate postpetition to warrant an administrative expense allowance.[2] Therefore, the $55,000.00 transfer of estate assets made by the Debtor to NCB on July 12, 1985, does not constitute an allowable administrative expense, but does conform with an avoidable postpetition transfer proscribed under § 549 of the Code.

NCB's contention that the subject transfer occurred within the ordinary course of the Debtor's business is, likewise, without merit. As stated above, NCB had released its claim and security interest against the Debtor as part of the aircraft sales transaction between the Debtor and Holland. In

that transaction, NCB received new liens from Holland. Thusly, there was no privity or course of dealings between the debtor and NCB to support an ordinary course of business defense to the complaint allegation. Further, NCB's contention that it is an assignee of an administrative claim held by Holland is unsubstantiated. As held above, Holland never filed a request for an administrative claim in the case and no such request was approved. Therefore, NCB could not be an assignee of a claim which never existed, and there otherwise is no evidence of a claim transferred pursuant to provisions of Rule 3001(e), Bankr.R. Additionally, by stipulation, the parties hereto acknowledged that the $55,000.00 payment was made by the Debtor to NCB at the request of Holland, purportedly for the Debtor's use of the two aircraft. *See, Stipulations,* para. 8. Yet, it was further stipulated that no written lease was ever executed between the Debtor and Holland respecting the use of the aircraft, although an unapproved motion was filed to execute such a lease prior to the case being converted to Chapter 7. The Debtor's preconversion motion to enter into a lease with Holland further evidences the fact that the transaction regarding the aircraft was beyond the ordinary scope of business, requiring due notice and court appproval. 11 U.S.C. 363(b)(1). Pursuant to Rule 6001, Bankr.R., the burden of proof as to the validity of a postpetition transfer is on the entity asserting the validity of the transfer. At bar, that entity is the transferee, NCB. For the reasons stated herein, that burden has not been met. Thusly, there existed no allowed administrative expense and no lease obligation authorized by the Court. Unless the Court authorizes it or the Code otherwise excuses the need for Court approval, an estate has no implied obligation. NCB's averments respecting unjust enrichment is without merit.

Having determined that the subject transaction was outside the scope of the Debtor's ordinary course of business, and rejecting NCB's argument for an adminis-

---

**2.** The several cases cited in support of NCB's position consistently indicate that the administrative expenses involved were "allowed," unlike the situation at bar where no such request had been made or allowed.

trative expense, an addressment of the second issue is unnecessary.

Accordingly, the Debtor's postpetition transfer of $55,000.00 to NCB is void pursuant to § 549, and same is to be returned forthwith to the Debtor's estate. Further, NCB's motion for summary judgment is denied. Judgment is rendered for the Plaintiff Trustee.

IT IS SO ORDERED.