564

**In re SHERMCO, INC., Debtor.**

**Bankruptcy No. 95–41027–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 25, 1995.

Ann R. Sachar, Stone, Leyton & Gershman, Clayton, MO, for trustee.

Donna M. Sommars, Mark A. Bertsch, St. Louis, MO, for debtor.

Norman W. Pressman, St. Louis, MO, for Carl K. Sherman.

Stanley D. Rabushka, St. Louis, MO, for Marvin Marion.

### *ORDER*

JAMES J. BARTA, Bankruptcy Judge.

On July 17, 1995, Marvin Marion ("Applicant") filed an "Application/Petition For Allowance of Administrative Expenses." After notice was given to all creditors and parties in interest, the Chapter 7 Trustee filed an objection to the allowance and payment of an administrative expense to the Applicant. The trial of the disputed issues in this matter was conducted on August 16, 1995. At the conclusion of the evidence and oral argu-

ment, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On or about October 3, 1983, the Applicant and St. Louis Shade & Hardware Co., and Joseph R. Marion, as Lessors and Sellers, entered into several agreements including an asset purchase agreement and a written lease of certain commercial real property. The Lessee and Purchaser was listed as Carl K. Sherman (President of the Debtor), individually and not as an officer of the Debtor. The lease described certain commercial real property located at 408 North Sarah Street, St. Louis, Missouri. Even though the term of the 1983 lease expired several years prior to the commencement of this Chapter 7 case, the Debtor had continued to operate its manufacturing and retail business from this location until the Bankruptcy petition was filed on February 28, 1995.

During September, 1993, Carl K. Sherman and Helene Sherman, his wife, individually and not on behalf of the Debtor, executed and delivered to Marvin Marion and Kenneth Marion ("Lessors") a proposal for a second lease of the North Sarah Street property. For reasons that are not clear from this record, the Lessors did not execute this agreement, and no other written lease is known to exist between these parties for this property.

At the trial of this matter, the Applicant testified that, notwithstanding the absence of any written lease agreement, rent payments were made during the years after termination of the 1983 lease, and just prior to the commencement of this case, with checks drawn on an account in the name of the Debtor, Shermco, Inc., d/b/a St. Louis Shade and Hardware Company. The checks were signed by C.K. Sherman, individually.

In response to a question from his attorney during direct examination at this trial, the Applicant testified that he believed that his tenant at the North Sarah Street property was Shermco, Inc., the Debtor here, and that their relationship was based on a month-to-month unwritten lease, with terms identical to those set out in the documents described above. The Debtor did not present testimony or evidence at this trial.

■ There is little question but that the Debtor had operated its business from the North Sarah Street property for a number of years prior to the commencement of this Chapter 7 case. However, other than the Debtor's occupancy of the North Sarah Street property, there is nothing in this record to substantiate the Applicant's assertion that the Debtor/Corporation was obligated to the Applicant as a *tenant*. There is no written lease between the Debtor and the Lessors; the Debtor did not schedule any such obligation in its Bankruptcy papers; and the Debtor did not present any evidence at this trial in support of such an obligation. If the Applicant is the Lessor in a month-to-month tenancy agreement, the primary Lessee is a tenant other than this Corporate Debtor. This record has suggested that the month-to-month tenancy Lessee may have been the Debtor officer(s) or director(s). For purposes of this proceeding, it is not necessary that the Court determine the identity of the Lessee other than to find and conclude that the Lessee is an entity other than the corporate Debtor.

Therefore, as of the commencement of this case, the corporate Debtor was not a party to an unexpired lease or executory contract with this Applicant for the occupancy and use of the North Sarah Street property. It then follows that the Trustee in this case incurred no duty to perform any obligations of the Debtor under an unexpired lease of nonresidential real property as set out at 11 U.S.C. § 365(d)(3).

■ Notwithstanding the absence of a written prepetition lease, it may yet be established that the Bankruptcy estate incurred expenses in connection with the postpetition use of the North Sarah Street property. In a Chapter 7 liquidating bankruptcy case, the trustee is not authorized to continue the operation of a debtor's business absent a

specific order of the court. *See* 11 U.S.C. § 721 and Rule 2015, Federal Rules of Bankruptcy Procedure ("FRBP"). No such specific order was requested or entered in this case. If any postpetition agreement existed between the Trustee and the Applicant here, it was solely an oral agreement to provide for the temporary storage of the Debtor's personal property at the Debtor's former business location. If such a postpetition storage agreement existed, it is clear from this record that the parties had not agreed upon any amount to be paid as postpetition rent. Furthermore, if an amount for postpetition rent had been agreed upon, in the circumstances presented here, any unpaid postpetition rent would not be entitled to an administrative expense priority absent allowance by a specific order of the Court. *See In re Dakota Industries, Inc.,* 31 B.R. 23 (Bankr.D.S.D. 1983); 11 U.S.C. § 364. No such order authorizing such an administrative expense was entered in this case. The record here, including the testimony at this trial, clearly indicates that the Trustee did not agree that any postpetition amounts would be entitled to an administrative expense priority pursuant to 11 U.S.C. § 503.

■ Notwithstanding the absence of an unexpired lease, and notwithstanding the absence of a postpetition order allowing an administrative expense for rent, the Applicant may be entitled to a priority expense if it can be established that the rents were actual, necessary costs and expenses of preserving the estate. 11 U.S.C. § 503(b). The benefit that results from the preservation of the estate assets, and that will be the basis for the allowance of an administrative expense priority, must inure exclusively to the estate in a Chapter 7 case.

In the circumstances presented here, this exclusive benefit to the estate has not been established. During the period that this personal property was stored at the North Sarah Street address, the Trustee paid certain utility bills and other expenses. Furthermore, on May 2, 1995, the Court approved the Trustee's sale of the Debtor's inventory and remaining personal property located at 408 North Sarah Street to this Applicant. The Applicant as purchaser received a bene-fit from the postpetition storage of this property at the North Sarah Street address in that it incurred no additional expense to move the personal property from its storage location. The testimony at this trial indicated that the Applicant is operating a hardware store from this address, and is otherwise disposing of the inventory and other personal property from this location.

Furthermore, the testimony at this trial indicated that even though no specific postpetition storage fee had been agreed upon between the Trustee and the Applicant, the rates received by the Applicant prior to the commencement of this case were a factor in the negotiations that led to the Applicant's purchase of this property from the Bankruptcy estate. The Trustee testified that she believed that had the personal property been stored at a different location, such as that provided by an auctioneer, no additional postpetition storage charges would have been incurred. The Court finds and concludes that any benefit to the estate that resulted from the storage of these assets on the Applicant's premise was minor, nonexclusive, and fully provided for by the terms of the sale to this Applicant.

**IT IS ORDERED** that this matter is concluded; and that the "Application/Petition for Allowance of Administrative Expenses" filed by Marvin Marion (Document No. 44) for the postpetition use and occupancy of the premises at 408 North Sarah Street, St. Louis, Missouri is **DENIED;** and that the Applicant's request for an allowance for postpetition rent is **DENIED;** and that the Trustee's objection to the Applicant's Application/Petition is **SUSTAINED;** and that all other requests in this matter are **DENIED.**